IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-HC-2340-M

| | |
|---|---|
| DARREL R. FISHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN T. SCARANTINO, ) | |
| ) | |
| Respondent. ) | |

Darrel R. Fisher ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. The court grants petitioner's application to proceed in forma pauperis [D.E. 2]. Petitioner moves for a discharge hearing [D.E. 20] and for recusal of the undersigned [D.E. 25]. Petitioner has flooded the court with letters and supplements to his petition [D.E. 5, 10–12, 14–19, 21–24]. As explained below, the court reviews all of petitioner's filings, denies his motions, and dismisses the petition.

Petitioner is civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. See United States v. Fisher, 450 F. App'x 247 (4th Cir. 2011) (per curiam) (unpublished); [D.E. 1-1] 7. Petitioner's filings are difficult to decipher, but he "asserts claims concerning his 1999 criminal charges which he claims he has not been notified of." Fisher v. Connor, No. 4:18-CV-00521-ODS-P, 2018 WL 10110896, at *2 (W.D. Mo. Aug. 20, 2018); see [D.E. 1] 1–2, 8–13; [D.E. 1-1]; [D.E. 12-1]; [D.E. 15]; [D.E. 19]. Petitioner also challenges the legal basis for his civil commitment and describes a number of issues with the conditions at FMC-Butner, including what he describes as criminal mail tampering, retaliation by staff members against him for filing this

habeas petition, forced medication and urine testing, confinement to his cell "24 hours a day 7 days a week[,]" and the BOP's response to the COVID-19 pandemic. See [D.E. 5-1]; [D.E. 10-1]; [D.E. 11-1]; [D.E. 12-1]; [D.E. 14]; [D.E. 16]; [D.E. 17]; [D.E. 22, 22-1]. Petitioner seeks to "end this unlawful imprisonment by the federal government[.]" [D.E. 1] 11.

Federal law permits civil commitment in accord with procedures that ensure fairness and accuracy of the commitment process. See Order, Perkins v. Bredenberg, No. 5:04-CT-903-H, at 2 (E.D.N.C. Jan. 24, 2005) [D.E. 6], aff'd, 133 F. App'x 888, 889 (4th Cir. 2005) (per curiam) (unpublished); United States v. Sahhar, 917 F.2d 1197, 1203–04 (9th Cir. 1990); see also Polk v. Beeler, No. 5:09-HC-2126-D, 2010 WL 2680013, at *3 (E.D.N.C. July 2, 2010) (unpublished) (quotation omitted), aff'd, 406 F. App'x 695 (4th Cir. 2010), cert. denied, 5652 U.S. 1297 (2011). Section 4246 provides for mandatory periodic review of the commitment decision, as well as hearings to determine whether continued confinement is warranted. See 18 U.S.C. §§ 4246(e), 4247(e). Because these requirements are in place, petitioner's commitment under section 4246 does not violate due process. Accordingly, Petitioner cannot obtain relief from this court under section 2241 concerning his civil commitment.

To the extent petitioner challenges his current or past conditions of confinement, habeas corpus relief is not appropriate. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser v. Rodriguez, 411 U.S. 475, 494, 498–99 (1973); Ferch v. Jett, No. 14-CV-1961(SRN/TNL), 2015 WL 251766, at *4–5 (D. Minn. Jan. 20, 2015) (unpublished); Yagman v. Johns, No. 5:08-HC-2103-D, 2009 WL 6669325, at *2 (E.D.N.C. Feb. 12, 2009) (unpublished), aff'd, 328 F. App'x 280 (4th Cir. 2009) (per curiam) (unpublished). Thus, petitioner's claims are not cognizable under habeas corpus. See Preiser, 411 U.S. at 500. Accordingly, the court dismisses the petition.

Finally, petitioner's motions for a discharge hearing [D.E. 20] and recusal [D.E. 25] lack merit and are DENIED. See, e.g., Liteky v. United States, 510 U.S. 540, 552–55 (1994); Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011); United States v. Cherry, 330 F.3d 658, 665–66 (4th Cir. 2003); United States v. Fisher, No. 5:10-HC-02234-BR, 2017 WL 3431153, at *1 (E.D.N.C. Jan. 31, 2017), aff'd, 690 F. App'x 108 (4th Cir. 2017).

In sum, the court GRANTS petitioner's application to proceed in forma pauperis [D.E. 2], DENIES petitioner's motions [D.E. 20, 25] and DISMISSES the petition for writ of habeas corpus WITHOUT PREJUDICE. The clerk shall close the case.

SO ORDERED. This 11th day of May 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge